UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RIGOBERTO RODRIGUEZ,                                          Case No.

                Plaintiff,

  -vs.-
                                            **COMPLAINT**

RAYS AT THE GARDEN, INC. d/b/a
AMADEUS PIZZA, JUAN DEL ROSARIO
and AMADEU E. MANATA
a/k/a AMADEUS MANATA,

                Defendants.
----------------------------------------------------------X

Plaintiff, RIGOBERTO RODRIGUEZ, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### *THE PARTIES*

1. Plaintiff, RIGOBERTO RODRIGUEZ, (hereinafter "Mr. Rodriguez" or "Plaintiff") is an individual residing in Brooklyn, New York.

2. Upon information and belief, Defendant RAYS AT THE GARDEN, INC. d/b/a AMADEUS PIZZA, (hereinafter "Amadeus Pizza") was and is a domestic business corporation whose principal place of business is located at 408 8th Ave, New York, NY 10001.

3. Upon information and belief, Defendant JUAN DEL ROSARIO, (hereinafter "Del Rosario") is an individual, whose actual place of business is located at 408 8th Ave, New York, NY 10001.

4.      Upon information and belief, at all times herein pertinent, Defendant Del Rosario, served as a principal, officer and/or manager of Defendant Amadeus Pizza.

5.      Upon information and belief, Defendant AMADEU E. MANATA a/k/a AMADEUS MANATA, (hereinafter "Manata") is an individual, whose actual place of business is located at 408 8th Ave, New York, NY 10001.

6.      Upon information and belief, at all times herein pertinent, Defendant Manata, served as a principal, officer and/or manager of Defendant Amadeus Pizza.

7.      Upon information and belief, for the calendar year 2013 the gross receipts of Amadeus Pizza were not less than $500,000.00.

8.      Upon information and belief, for the calendar year 2014 the gross receipts of Amadeus Pizza were not less than $500,000.00.

9.      Upon information and belief, for the calendar year 2015 the gross receipts of Amadeus Pizza were not less than $500,000.00.

10.     Upon information and belief, for the calendar year 2016 the gross receipts of Amadeus Pizza will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

12.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce including, but not limited to, broccoli spinach, chicken, tomatoes, and knives.

15.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

16. Amadeus Pizza operates as a restaurant.

17. Mr. Rodriguez was employed by the Defendants from on or about the calendar year of 2007 until on or about November 25, 2014.

18. Mr. Rodriguez was assigned various duties including, but not limited to, preparing food, sweeping, mopping, and general cleaning.

19. Mr. Rodriguez worked Mondays through Fridays, inclusive, from 7:00PM until 5:00AM and Saturdays from 7:00PM until 6:00AM.

20. Mr. Rodriguez was paid $5.00 per work hour.

21. The Defendants paid Mr. Rodriguez in cash.

22. Plaintiff did not receive the statutory minimum wage.

23. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

24. Defendants failed to pay the Plaintiff spread of hours pay.

25. Defendants willfully violated both federal and state laws regarding tip-sharing.

26. As stated in more detail below, Defendants knowingly and willfully misappropriated and/or withheld a portion of Plaintiff's tips, in direct contravention of the FLSA and New York Labor Law.

27. Defendants had a policy and practice wherein management would receive part of the gratuity from sales of takeout orders. Specifically, for every tip amount of $3.00 or more, Defendants would retain $1.00. On large delivery orders defendants would retain any amount in excess of $20.00 per delivery order. Plaintiff's tip money was misappropriated by Defendants' managers.

28. Defendants unlawfully demanded, handled, pooled, counted, distributed, and/or retained portions of the tips that Plaintiff had earned.

29. Upon information and belief, Defendants failed to notify Plaintiff in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

30. Upon information and belief, Defendants failed to notify Plaintiff either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

5

31. Upon information and belief, Defendants Del Rosario and Manata had the power to hire employees at Amadeus Pizza.

32. Upon information and belief, Defendant Del Rosario hired Plaintiff on or about the calendar year of 2007.

33. Upon information and belief, Defendants Del Rosario and Manata had the power to fire employees at Amadeus Pizza.

34. Defendant Del Rosario controlled the terms of the Plaintiff's employment in that he would tell him what tasks to complete and on what time frame they needed to be completed.

35. Upon information and belief, Defendants Del Rosario and Manata controlled the work schedule of all of the employees of Amadeus Pizza.

36. Upon information and belief, Defendant Del Rosario controlled the work schedule of the Plaintiff.

37. Upon information and belief, Defendants Del Rosario and Manata controlled the rates and methods of payment of each of the employees of Amadeus Pizza, including the Plaintiff's pay rate and methods of pay.

38. At all times herein pertinent, the Plaintiff performed his duties for the Defendant Amadeus Pizza, at the direction and under the control of Defendants Del Rosario and Manata.

39. Upon information and belief, and at all times herein pertinent, Defendants Del Rosario and Manata, exercised close control over the managerial operations of Amadeus Pizza, including the policies and practices concerning employees.

40. At all times herein pertinent, Defendants Del Rosario and Manata, controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Amadeus Pizza in general, and with respect to the Plaintiff in particular.

41. At all times herein pertinent, Defendants Del Rosario and Manata acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

42. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

43. Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

44. Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

45. Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

46. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

47. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

48. The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay the Plaintiff the applicable minimum wage.

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

49. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

50. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

51. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times the Plaintiff's regular rates of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (TIP SHARING VIOLATIONS)

52. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

53. Defendants willfully failed to pay Plaintiff the tips that he was entitled to receive.

54. Defendants were not entitled to a tip credit, which would allow Defendants to compensate Plaintiff at a reduced minimum wage because they failed to provide proper notice to all tipped employees that Defendants were taking a tip credit, and they also illegally retained a portion of the Plaintiff's tips, thereby rendering the tip credit invalid.

55. Defendants willfully and knowingly failed to pay wages and tips to Plaintiff in violation of 29 U.S.C. §203.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE MINIMUM WAGE ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

56. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57. The Defendants herein willfully and in bad faith violated § 650 of the NYLL by failing to pay the Plaintiff the applicable minimum wage.

### AS AND FOR A FIFTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

58. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

59. The Defendants herein knowingly and in bad faith violated Articles 6 and 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times the Plaintiff's regular rates of pay.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(SPREAD-OF-HOURS & SPLIT-SHIFT PAY)*

60. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 and 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(TIP MISAPPROPRIATION)*

62. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63. At all times herein pertinent, Plaintiff was an employee within the meaning of Article 6 NYLL §§190, et seq., and supporting New York State Department of Labor Regulations.

64. At all times herein pertinent, Defendants were employers within the meaning of Article 6 NYLL §§190, et seq., and supporting New York State Department of Labor Regulations.

65. The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to the Defendants and protect the Plaintiff.

66. By the conduct described herein, Defendants made unlawful deductions from Plaintiff's wages in violation of Article 6 NYLL §193 and supporting New York State Department of Labor Regulations.

67. Defendants unlawfully demanded and accepted, directly or indirectly, part of the gratuities received by Plaintiff in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

68. Defendants unlawfully retained part of the gratuities earned by the Plaintiff in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

69. Defendants required Plaintiff to share part of the gratuities he received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

70. Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by plaintiff, Defendants willfully violated Article 6

NYLL § 196-d and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR §137-2.5.

71. Defendants unlawfully demanded and accepted, directly or indirectly, part of the gratuities received by Plaintiff in violation of 12 N.Y.C.R.R. §146-2.20 and other supporting New York State Department of Labor Regulations.

72. Defendants unlawfully retained part of the gratuities earned by the Plaintiff in violation of 12 N.Y.C.R.R. §146-2.20 and other supporting New York State Department of Labor Regulations.

73. Defendants required Plaintiff to pay more than their pro-rate share of service charges taken by credit card companies for the processing of tips and/or gratuities in violation of 12 N.Y.C.R.R. §146-2.20 and other supporting New York State Department of Labor Regulations.

74. Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by plaintiff in order to pay more than the pro-rata share of service charges taken by credit card companies for processing tips, Defendants willfully violated 12 N.Y.C.R.R. §146-2.20 and other supporting New York State Department of Labor Regulations.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)

75. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. Defendants have willfully failed to furnish Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

77. Through their knowing or intentional failure to provide Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

78. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### AS AND FOR A NINTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE PROPER WAGE STATEMENTS)

79. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. Defendants have willfully failed to furnish Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

81. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

82. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wage due and owing to the Plaintiff;

b) awarding back pay for overtime pay due and owing to the Plaintiff;

c) awarding back pay for spread of hours pay due and owing to the Plaintiff;

d) reimbursement of all misappropriated tips and other unlawful deductions;

e) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

f) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

h) awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        July 27, 2016

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52903-LR

To:

RAYS AT THE GARDEN, INC.
d/b/a AMADEUS PIZZA
408 8th Ave
New York, NY 10001

JUAN DEL ROSARIO
408 8th Ave
New York, NY 10001

AMADEU E. MANATA
a/k/a AMADEUS MANATA
408 8th Ave
New York, NY 10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RIGOBERTO RODRIGUEZ,                                              Case No.

                              Plaintiff,

    -vs.-

RAYS AT THE GARDEN, INC. d/b/a
AMADEUS PIZZA, JUAN DEL ROSARIO
and AMADEU E. MANATA
a/k/a AMADEUS MANATA,

                              Defendants.
-----------------------------------------------------------X

**COMPLAINT**

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52903-LR